```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

BRENDA ROBINSON,                }
                                }
     Plaintiff,                 }
                                }      CIVIL ACTION NO.
v.                              }      06-AR-2274-S
                                }
TYSON FOODS, INC.,              }
                                }
     Defendant.                 }
```

## MEMORANDUM OPINION

Before the court is the motion of plaintiff, Brenda Robinson ("Robinson"), to alter or amend the summary judgment entered on July 31, 2008, in favor of defendant, Tyson Foods, Inc. ("Tyson"). The motion was heard at the court's regular motion docket on August 18, 2008. Robinson contends that this court either misreads *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1281 (11th Cir. 2002), or that the Eleventh Circuit in *Burnes* did not mean what it said there, or that what it said there was unnecessary to the result and thus was *dictum*.

This is a constructive discharge case. Robinson resigned her employment with Tyson, but claims that Tyson's mistreatment of her based on her race was so severe as to amount to an involuntary termination. In this court's rendition of the undisputed facts in its opinion of July 31, 2008, the court limited itself to the facts relevant to the issue of judicial estoppel arising out of Robinson's bankruptcy proceeding, and did not go into Robinson's failure to demonstrate any mistreatment so

hostile and so pervasive as to amount to a discharge. Although tempted, the court will again refrain from elaborating on Robinson's fatal shortcoming in failing to support her Title VII discrimination claim, believing that one reason for summary judgment is enough. Neither will the court repeat what it said in its earlier opinion, except to the extent necessary to respond to Robinson's Rule 59 motion.

In *Burnes*, one of a group of Title VII plaintiffs had filed for Chapter 13 bankruptcy before his Title VII action was filed. At the time of his bankruptcy filing, he averred that he had no contingent claims. His averment was true at the time. The facts thus far in *Burnes* are identical to the facts in Robinson's case. In *Burnes*, the plaintiff, while in Chapter 13, filed a complaint against his employer, but failed to amend his Chapter 13 schedule to list his Title VII claim. Again, Robinson committed the same error. The plaintiff in *Burnes* converted to Chapter 7, but he did not report his pending lawsuit. Does the fact that in *Burnes* the plaintiff was ordered to amend his schedule at the time of conversion to Chapter 7 so differentiate *Burnes* from Robinson as to make the finding of judicial estoppel in *Burnes* inapplicable to Robinson?

In *Burnes*, the Eleventh Circuit made it quite clear that there is a continuing duty on a debtor to amend financial statements if and when circumstances change. Other circuits

disagree.  There is no reason to conclude that if the plaintiff in *Burnes* had never petitioned to have his Chapter 13 converted to Chapter 7, the Eleventh Circuit would have ruled differently.  The fact of a conversion to Chapter 7 was not the basis for the holding in *Burnes*.

After Robinson's current Rule 59 motion was filed, the Eleventh Circuit in *In Re Waldron*, \_\_\_\_\_ F.3d \_\_\_\_\_, 2008 WL 2953571 (11th Cir. 2008), held: "[A] Chapter 13 debtor [ha]s a duty to disclose a claim for legal relief regardless of whether he later converted his case into Chapter 7".  It was the breach of the **continuing duty to disclose** that created the estoppel in *Burnes*.  Robinson's quarrel is with the Eleventh Circuit and not with this court.  In *Waldron*, the Eleventh Circuit simply repeated and reinforced what it said in *Burnes*.

A significant undisputed fact in Robinson's case is that after she filed her complaint in this court on October 30, 2006, her bankruptcy trustee moved for a dismissal of her case because her payments were late.  She claims that she had no motive to conceal her claim against Tyson, because her plan proposed 100% repayment.  In *Waldron*, the Eleventh Circuit held:

> [t]he disclosure of postconfirmation assets gives the trustee and creditors a meaningful right to request . . . a modification fo the debtor's plan to pay his creditors.  A confirmed plan may be modified at the request of the debtor, the trustee, or the holder of an allowed unsecured claim to "(1) increase or reduce the amount of payments on claims a particular class provided for by the plan; [or to] (2) extend or reduce

the time for such payments.

A motive for concealment existed in the form of a desire by Robinson to avoid the possibility of a shortened time for completing her plan. If Robinson's creditors had known of her claim against Tyson, they could have petitioned for a reduction of the time period for Robinson to pay. This is more than a technical or theoretical fact. Robinson's bankruptcy trustee moved for a dismissal of her case on May 7, 2007, because her payments were late. What would he have done between October 30, 2006, and May 7, 2007, if he had known of her pending case against her former employer? *Burnes* applies to Robinson.

Robinson's Rule 59 motion will be denied by separate order.

DONE this 26th day of August, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE